UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WISCONSIN

---

*In re*:

GARY O. CERNY and
BARBARA M. CERNY,

       Debtors.

Case Number: 24-10322-13

---

### DECISION ON DEBTORS' MOTION TO REVIEW THE CLAIMED ORIGINAL NOTE PROVIDED BY OLD NATIONAL BANK, MOTION TO STAY BANKRUPTCY, AND MOTION FOR EMERGENCY HEARING

Debtors Gary and Barbara Cerny filed a "Motion to Review the Claimed Original Note Provided by Old National Bank and Request for Emergency Hearing," and a "Motion to Stay the Bankruptcy Until the Note is Reviewed and Request for Emergency Hearing" (collectively, "Motions"). These Motions were filed by the Debtors and not their attorney. The Motions contain the same procedural deficiencies and substantively mirror one another in large measure. For the reasons set forth below, the Motions are denied.

#### NOTICE DEFICIENCIES

First, neither motion is accompanied by a notice or opportunity for an objection. The Motions ask that the Court either grant an objection to Old National Bank's claim or avoid the Bank's lien. These are "contested matters" within the ambit of Federal Rule of Bankruptcy Procedure 9014 (with the lien avoidance issue possibly constituting a contested matter for which an adversary proceeding is required under Fed. R. Bankr. P. 7001).

Rule 9014(a) provides that in contested matters, "relief shall be requested by motion, and reasonable notice and opportunity for hearing shall be afforded the party against whom relief is sought." The Bankruptcy Rules provide for a 21-day notice for issues relating to case administration, and 14-day notices for other matters. *See* Fed. R. Bankr. P. 2002. If specific facts are stated, then, on request, the Court may reduce the notice period. Fed. R. Bankr. P. 9006(c). But even if the notice period is reduced, a notice is still required under the Rules.

Second, the Debtors requested an emergency hearing on the basis that Old National Bank is purportedly unsecured or doesn't hold a valid claim. This claim is insufficient to abandon the notice requirements in contested matters. Whether the Debtors' Motions are intended to be treated as claim objections or motions for lien avoidance, these matters are common issues. No need to address them on an expedited basis has been stated. Further, plan payments need to continue regardless of the status of one creditor's claim. Other creditors should not suffer prejudicial delay in receiving payment on account of their allowed claims simply because the Debtors have a dispute with Old National Bank.

### SERVICE DEFICIENCIES

Rule 9014(b) states that a motion in a contested matter shall be served in the manner provided for service of a summons and complaint by Rule 7004 and within the time determined under Rule 9006(d).

Although the attorney for Old National Bank would have received copies of the Motions electronically on or about November 1, 2024, the requirements of the Bankruptcy Code and Rules are not satisfied for two reasons.

First, the certificates of service attached to the Motions are unsigned. Second, the certificates do not specify which documents were served, who served them, or by what means. Rule 9011(a) mandates that parties who are not represented by an attorney must sign all papers, and that any unsigned paper shall be stricken unless the omitted signature is promptly corrected.

And the Debtors in this case are represented by Attorney Zachary Kluck, but it was the Debtors who filed the present Motions (along with a recently filed adversary proceeding) pro se. Since they are proceeding in this dispute without representation, they must sign all documents filed with the Court, whether they are combined into a single PDF or not.

### Substantive Issues

The Motions contain requests for relief under various sections of the United States Code, the Uniform Commercial Code ("U.C.C."), the Wisconsin Statutes, and the Federal Rules of Civil Procedure. Briefly, the Motions reference Title 18 of the U.S. Code, sections 241 and 242. Title 18 pertains to federal criminal law and procedure, and the cited sections regard deprivation of civil rights. These sections are not applicable to the requested relief and are beyond the scope of a claim objection or lien avoidance action. And the cited Wisconsin Statute relates to false claims submitted in connection with applying for state medical assistance. That is not applicable to this contested matter.

Third, the Debtors invoke Federal Rule 60 to seek relief from judgment. But it's unclear what judgment might be at issue. Other sections of the Motions reference a foreclosure action.[1] If the Debtors are indeed referencing state court foreclosure actions, then this Court is without jurisdiction to afford the relief it appears Debtors might be seeking. Subject to the automatic stay, the state court is the proper venue.[2]

And the Debtors fail to say what sections of the U.C.C. (or the parallel Wisconsin Statute) apply to their situation. Without making a final ruling on the issue, the Court notes that Old National Bank provided a copy of the note and mortgage in its filed proof of claim, Claim No. 5-2.[3]

Finally, Old National Bank filed a Notice of Motion and Motion for Relief from Stay. An objection was filed by the Debtors' attorney. The objection did not reference any dispute regarding the existence of a Note and Mortgage signed by Debtors. Instead, it states the Debtors had retained counsel, were working on a modified plan to address the debt and adequate protection, and that the exact amount owed was possibly at issue.

A final hearing on the Motion for Relief from Stay was scheduled and Old National Bank filed its Exhibit List, Exhibits, and Witness List. Debtors did not

---

[1] Old National Bank has apparently filed two previous foreclosure actions against the Debtors in Rock County Circuit Court, Case Nos. 17CV92, 22CV846.

[2] Especially considering that in the more recent of the foreclosure actions, 22CV846, the state court entered an order for summary judgment in July 2023, and there is no evidence that order was subject to an appeal.

[3] The original lender was AnchorBank, fsb. Old National Bank is the successor-by-merger, as stated in an attachment to the proof of claim.

submit any Exhibits or a Witness List. At the scheduled hearing, the Court was advised the parties had reached a settlement of the Motion for Relief from Stay and the terms were placed on the record. An agreed order was submitted and entered by the Court (ECF No. 64).

**CONCLUSION**

The Motions are denied, and a separate order consistent with this decision will be entered.

This decision shall constitute findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052 and Rule 52 of the Federal Rules of Civil Procedure.

Dated:  November 12, 2024

BY THE COURT:

_____
Hon. Catherine J. Furay
U.S. Bankruptcy Judge