UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WISCONSIN

---

*In re*:

GARY O. CERNY and
BARBARA M. CERNY,

        Debtors.

Case Number: 24-10322

---

GARY O. CERNY and
BARBARA M. CERNY,

        Plaintiffs,

v.

OLD NATIONAL BANK,
JUDGE JEFFREY S. KUGLITSCH, and
ECKBERG LAMMERS, P.C.

        Defendants.

Adversary Number: 24-00061

---

**DECISION ON PLAINTIFFS' MOTION TO RECONSIDER**

Gary and Barbara Cerny ("Plaintiffs" or "Cernys" or "Debtors") filed an adversary proceeding against their mortgage lender Old National Bank ("Old National"), state court judge Jeffrey S. Kuglitsch, and the Eckberg Lammers, P.C law firm (together, "Defendants"). Each Defendant moved to dismiss the

1

adversary proceeding. The Court held a hearing on the motions, allowed the Cernys to file a supplemental response, and took the matters under advisement. The Court then ruled for Defendants and dismissed the case.[1] The Cernys now seek reconsideration. For the reasons below, the Court denies the Cernys' request.

**FACTS**

The Cernys have been litigating with their mortgage lender, Old National, and its predecessor for more than 10 years. The Court will not repeat the parties' tangled history here.[2] Basically, the Cernys don't think they owe an unpaid mortgage to Old National because their original lender was AnchorBank, fsb. They are convinced that ownership of their mortgage wasn't properly transferred, and that unspecified fraud has occurred.

Over the years, AnchorBank and Old National have filed foreclosure actions. The parties stipulated to resolve their disputes, the Cernys defaulted on those stipulations, and the banks (Anchor and then Old National) filed more foreclosure actions.

Old National filed the most recent foreclosure action in Rock County Circuit Court in October 2022.[3] Defendant Judge Jeffrey Kuglitsch presided over the foreclosure action and Defendant Eckberg Lammers, P.C. represented

---

[1] See Cerny et al. v. Old National Bank et al., Adv. Proc. No. 24-10322, Decision on Defendants' Motions to Dismiss, ECF No. 36
[2] Id.
[3] Cerny et al. v. Old National Bank et al., Adv. Proc. No. 24-10322, Dkt. 1-2, p. 2 of 39.

2

Old National. As explained in this Court's decision granting the motions to dismiss, after a trial on the issue, Judge Kuglitsch found[4] that

- Old National is the holder of, and entitled to enforce, the note against the Property;
- Old National is the successor-by-merger to AnchorBank, fsb, and is the secured party of record under the mortgage encumbering the Property, and is entitled to enforce the mortgage;
- The Cernys were in default under the note and mortgage; and
- Old National was entitled to a judgment of foreclosure, among other findings.

Judge Kuglitsch's order clarified that it was the final judgment for purpose of appeal. The Cernys did not appeal it. The redemption period expired and the Cernys filed their chapter 13 bankruptcy, Case No. 24-10322, on the morning of a scheduled sheriff's sale.

The Cernys (acting pro se) filed this adversary proceeding against Old National, Eckberg Lammers, P.C., and Judge Kuglitsch. The Cernys listed 14 causes of action, in part seeking declaratory judgments that the state court order granting Old National's summary judgment motion is null and void, and that Old National doesn't own the note and mortgage encumbering the Property. They also alleged violations of due process, the United States Constitution, and the Uniform Commercial Code.

---

[4] Cerny et al. v. Old National Bank et al., Adv. Proc. No. 24-10322, Dkt. 6-2, pp. 29-34.

3

Each Defendant moved to dismiss the case. Each of the Defendants' motions argued that this Court lacked subject-matter jurisdiction to decide the issues presented in the Cernys' complaint under the Rooker-Feldman doctrine. Further, that the complaint failed to state a claim upon which relief can be granted. Eckberg Lammers and Old National argued the Cernys lacked standing to bring the claims in the complaint since they arose pre-petition, and thus belonged to their bankruptcy estate. The motions also addressed the doctrines of claim and issue preclusion. And Judge Kuglitsch argued that he is immune from liability for his actions as a judge.

The Court granted the Defendants' motions. The Court didn't have jurisdiction under the Rooker-Feldman doctrine to hear the Cernys' complaint since the factual premises of the complaint sought to relitigate the state court judgment. The Cernys' allegations of fraud also lacked support since they were based on an analysis from a purported "expert" who presented no legitimate qualifications or credentials, and who based his conclusion on apparently incomplete information. The Court also found that Judge Kuglitsch was immune from liability in both his personal and official capacities and that the allegations against Eckberg Lammers were legally unsubstantiated.

The Cernys now ask this Court to reconsider its decision. For the reasons stated below, the Court denies their request.

**DISCUSSION**

Federal Rule of Bankruptcy Procedure 9024 incorporates Federal Rule of Civil Procedure 60, which states that a court may relieve a party from a final judgment or order due to

>  (1) mistake, inadvertence, surprise, or excusable neglect;
>  (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>  (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>  (4) the judgment is void;
>  (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>  (6) any other reason that justifies relief.

The burden is on the moving party to show they are entitled to relief from an order or judgment under Rule 60(b). "It is very well established that Rule 60(b) relief is an extraordinary remedy and is granted only in exceptional circumstances." *McCormick v. City of Chicago*, 230 F.3d 319, 327 (7th Cir. 2000); *see also SEC v. Bilzerian*, 815 F. Supp. 2d 324, 327 (D.D.C. 2011) ("Rule 60(b) does not allow a defeated litigant a second chance to convince the court to rule in his or her favor by presenting new explanations, legal theories, or proof.").

1. <u>There Was No Mistake, Inadvertence, Surprise, or Excusable Neglect</u>

The Cernys begin their motion by arguing that reconsideration is appropriate under Rule 60(b)(1). The terms under that subsection—mistake, inadvertence, surprise, or excusable neglect—are undefined. The Supreme

Court has explained certain factors that courts should consider in determining excusable neglect, including the danger of prejudice to the adverse party; the length of any delay caused by the neglect; the reason for the delay, including whether it was within the reasonable control of the moving party; and whether the moving party acted in good faith. *Pioneer Inv. Serv. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993). Other case law has helped refine what constitutes mistake, inadvertence, surprise, or excusable neglect. *See, e.g., United States v. $48,595*, 705 F.2d 909, 912–13 (7th Cir. 1983); *Marshall v. Monroe & Sons, Inc.*, 615 F.2d 1156, 1160–1161 (6th Cir. 1980); *see also* 12 Moore's Federal Practice – Civil § 60.41 (2025). The standard for relief under this category is demanding. Relief cannot be granted to merely evade the consequences of the litigation. There must be a demonstrable error.

The factual bases the Cernys use to support their argument for reconsideration under Rule 60(b)(1) do not change the Court's legal conclusion. No new evidence has been presented with the motion for reconsideration that was not or could not have been presented in response to the motions to dismiss.

The Cernys argue they were prejudiced by excusable neglect and "[p]rocedural misunderstandings—resulting from rapid attorney withdrawal and denial of accommodation for key witnesses— [which] resulted in unfair disadvantage." They support this claim by stating that a certain "Attorney L" made (unspecified) mistakes in their first chapter 13 case, which caused them

6

harm.[5] The Cernys' appear to be referencing their prior case filed in 2017, Case No. 17-14133.[6] What may have happened in state court cases or in the 2017 bankruptcy isn't relevant to the decision issued in this case. The attorney referred to in the chapter 13 was not the attorney in this case. No witness in this case was identified nor was there any request to "accommodate" such a witness in this case and this Court. Neither is there any evidence this had a bearing on the state court foreclosure proceedings.

And these arguments do not support reconsideration of this Court's decision. First, the Cernys were represented by an attorney when they filed a chapter 7 in 2016.[7] They scheduled the mortgage debt to Anchor and it was not disputed, unliquidated, or contingent. They also acknowledged an April 2015 loan modification and a foreclosure action dismissed in August 2015.[8] Second, in 2017 – again represented by an attorney – they filed a chapter 13.[9] Again the mortgage debt was scheduled but this time it identified Old National Bank as the creditor.[10] The Cernys entered into loan agreement with Old National Bank in July 2018 to provide terms to reinstate their mortgage and avoid the effect of a foreclosure judgment.[11] Third, each of these documents and pleadings was signed by the Cernys. They appeared in various state court foreclosure cases, were represented, appeared in this and prior bankruptcy cases and settled

---

[5] Motion to Reconsider, ECF No. 43, Section V.1., page 3 of 6.
[6] In their 2017 case, the Cernys were represented by Attorney Maxwell Livingston.
[7] Cerny No. 16-12198
[8] Id., Dkt. 14, pp. 14 and 41
[9] Cerny No. 17-14133,
[10] Id. Dkt. 1 p. 18.
[11] Cerny No. 24-10322, Dkt. 25, pp. 14-15.

7

defaults and disputes over the foreclosure. Whatever occurred in their 2017 case cannot reasonably be grounds for reconsideration in the Cernys' 2024 adversary proceeding based on excusable neglect.

They also claim that another prior, unnamed attorney failed to allow a particular witness to join an unspecified Zoom call with the bank.[12] This claim is vague, ambiguous, and nonetheless bears no relationship to events in this Court or the decision that is the subject of the motion for reconsideration.

The Court held a pretrial telephone conference in this adversary case on December 17, 2024. The Cernys personally appeared. The Court allowed the Cernys to make their arguments on the record and even afforded them the chance to supplement their objection to the motions to dismiss. The Court did not take evidence because the issues presented by Defendants' motions were entirely legal questions. Thus, no witnesses would have been allowed to testify in the first place.

The Cernys argue that a representative of Old National Bank was called into "the hearing room," and permitted to question them. Again, this does not bear on facts submitted to this Court in support of or opposition to the motions to dismiss this adversary. The "hearing" referred to seems to be the Section 341 meeting of creditors. And perhaps that was the case filed by the Cernys in 2017. In any event, it occurred after they acknowledged an undisputed debt to Old National and before the foreclosure judgment that is now the subject of

---

[12] Cerny et al. v. Old National Bank et al., Adv. Proc. No. 24-10322, Dkt. 43, Section V.2., page 3 of 6.

their complaint.[13] The statute expressly provides that creditors may appear and be heard at the meeting of creditors. *See* 11 U.S.C. § 341(c). This argument is irrelevant to the Court's decision dismissing the adversary proceeding.

The factual bases the Cernys use to support their legal arguments for relief have no bearing on whether there has been mistake, inadvertence, surprise, or excusable neglect in this adversary proceeding.

Specifically,

- legal representation from their 2017 bankruptcy,
- an alleged failure of counsel to allow an unnamed witness to appear at an unspecified hearing, and
- actions in their section 341 meeting of creditors

all have no effect on Court's decision whatsoever.

2. <u>The Cernys' Claim of Fraud Was Previously Litigated in State Court</u>

Second, the Cernys ask for reconsideration due to their belief there was fraud under Rule 60(b)(3). They claim there is "substantial evidence" of fraud committed by Defendants Judge Jeffrey Kuglitsch and Eckberg Lammers, P.C. The Cernys believe that, in the state court foreclosure action, Judge Kuglitsch granted summary judgment despite alleged material issues of fact. They also say that, in the foreclosure action, Eckberg Lammers submitted misleading documentation about the chain of title regarding their mortgage.

These arguments mirror the claims the Cernys made in their complaint and their objection to Defendants' motions to dismiss. Like their previous

---

[13] *Id.*, Section V.3., page 3 of 6.

9

filings, the Cernys' allegations of fraud include little more than threadbare conclusory statements and an over-reliance on what they seem to believe is an "expert" forensic loan analysis. The same analysis they submitted in state court. Now, they repeat that fraud was committed in the 2022 state court foreclosure action.

They misunderstand the Rooker-Feldman doctrine. They seem to think that if a state court made a decision the Cernys believe was a mistake, then federal courts can simply ignore the decision and findings of the state court. In other words, they believe that this Court can simply reverse whatever decision was made in the state court because they think the state court was wrong.

The Rooker-Feldman doctrine "does not prioritize form over substance. It bars all appeals of state court judgments—whether the plaintiff admits to filing a direct appeal of the judgment or tries to call the appeal something else." *Behr v. Campbell*, 8 F.4th 1206, 1211 (11th Cir. 2021).

This Court is compelled to explain again that it is not an appellate court. It lacks standing to hear allegations related to final judgment of the Rock County Circuit Court. *See, e.g., GASH Associates v. Village of Rosemont, Ill.*, 995 F.2d 726, 728 (7th Cir. 1993) ("district courts have only original jurisdiction; the full appellate jurisdiction over judgments of state courts in civil cases lies in the Supreme Court of the United States"); *In re Singleton*, 230 B.R. 533, 536 (B.A.P. 6th Cir. 1999) (Rooker-Feldman doctrine is a limitation on the subject matter jurisdiction in federal courts, and the doctrine "expresses the principle that 'federal trial courts have only original subject matter, and not

appellate, jurisdiction [and] . . . may not entertain appellate review of [or collateral attack on] a state court judgment.'") (citations omitted).

Rooker-Feldman applies even where the state court was wrong and even where there is a legitimate constitutional challenge to the actions taken by the state court. *See, e.g., In re Knapper*, 407 F.3d 573 (3rd Cir. 2005); *In re Holler*, 342 B.R. 212 (Bankr. W.D. Pa. 2006). So again, even if the Cernys were correct, and if fraud had been committed by any one or multiple of the Defendants, this Court would still be without jurisdiction to hear their complaint.

There is a system in place to address disagreement with state court decisions. It is called an appeal. If one party thinks a state court made an incorrect decision, overlooked relevant and material facts, or didn't consider applicable law, that party – sometimes called a "state court loser" – has a remedy. The remedy is to appeal that decision to an appellate court in the state. And the Cernys did not do so.

It is further worth reiterating that Judge Kluglitsch is immune from liability in both his official and personal capacities. The decision he made was in his capacity as a judge. He considered what was presented in a foreclosure action and issued an order on the motions filed in that case. He's protected by the Eleventh Amendment to the United States Constitution and the doctrine of sovereign immunity, which "bars actions in federal court against . . . state officials acting in their official capacities." *Driftless Area Land Conservancy v. Valcq*, 16 F.4th 508, 520 (7th Cir. 2021) (citation omitted).

3. <u>There Are No Extraordinary Circumstances That Warrant Reconsideration</u>

Finally, the Cernys seek relief under subsection (6) based on "extraordinary circumstances," including inadmissible evidence, and disregard of evidentiary burdens. The Cernys' argument on this point is scant. They say the state court foreclosure ruling and dismissal of this adversary were "tainted by judicial findings unsupported by admissible evidence, improper limitations on pro se participation, and complete disregard of the evidentiary burden on a party moving for summary judgment or dismissal."[14]

The Cernys describe what they believe to be "evidence" they produced in state court allegedly showing that their mortgage had been sold to Fannie Mae that they claim was ignored. The item they point to is an unrecorded Assignment of Mortgage that bears an endorsement to Fannie Mae. There is no evidence, however, that this assignment was delivered to Fannie Mae or any other entity or ever recorded. It seems they pointed to this item in the state foreclosure action.

The Note in this case is a negotiable instrument under the Wisconsin Uniform Commercial Code.[15] The Note contains the Debtor's written promise to

---

[14] Motion to Reconsider, ECF No. 43, Section IV, page 3 of 6.
  [15] Wis. Stat. § 403.104 provides:

  (1) Except as provided in subs. (3) and (4), "negotiable instrument" means an unconditional promise or order to pay a fixed amount of money, with or without interest or other charges described in the promise or order, if all of the following apply:

  (a) It is payable to bearer or to order at the time that it is issued or first comes into possession of a holder.

12

pay a fixed amount of money. It is payable at a definite time, and it does not state any other undertaking.

Having concluded that the Note is a negotiable instrument, the UCC also addresses the transfer of and the rights to the enforcement of the Note. Section 403.301, Wis. Stat., states:

"Person entitled to enforce" an instrument means the holder of the instrument, a nonholder in possession of the instrument who has the rights of a holder, or a person not in possession of the instrument who is entitled to enforce the instrument under s. 403.309 or 403.418(4). A person may be entitled to enforce the instrument even though the person is not the owner of the instrument or is in wrongful possession of the instrument.

These theories rest on allegations relating to the state court foreclosure action in which Judge Kuglitsch entered a final, appealable order that was not challenged. The state court concluded that it was Old National that held the note and mortgage. The state court decision reached this decision based on the

---

(b) It is payable on demand or at a definite time.
(c) It does not state any other undertaking or instruction by the person promising or ordering payment to do any act in addition to the payment of money, but the promise or order may contain any of the following:

1. An undertaking or power to give, maintain or protect collateral to secure payment.
2. An authorization or power to the holder to confess judgment or realize on or dispose of collateral.
3. A waiver of the benefit of any law intended for the advantage or protection of an obligor.

fact that Old National was successor by merger to Anchor. That it held the note. Cernys also argue that the Court did not allow a full trial or full evidentiary review. No evidentiary hearing was required. There was a motion for summary judgment and each side submitted arguments, affidavits, and documents. These were considered by the State Court and determined sufficient to both grant judgment to Old National and deny the Cernys' motion to dismiss the foreclosure.

Although the Cernys do not frame their motion to reconsider as a challenge to the foreclosure judgment, that is the essence of the motion. Each of the theories listed in the present motion are simply different ways to argue against the foreclosure judgment.

The Rooker-Feldman doctrine "bars all appeals of state court judgments—whether the plaintiff admits to filing a direct appeal of the judgment or tries to call the appeal something else." *Behr*, 8 F.4th at 1211.

As this Court previously explained, the Full Faith and Credit Act, 28 U.S.C. § 1738, compels a federal court to accord a state court judgment the same preclusive effect that it would be given by the rendering state court. *In re Keene*, 135 B.R. 162 (Bankr. S.D. Fla. 1991); MOORE'S FEDERAL PRACTICE 3d § 133.30[1] (3d ed. 2001). The Eleventh Circuit in *In re St. Laurent*, 991 F.2d 672, 676 (11th Cir.1993), has expressly stated that "[i]f the prior judgment was rendered by a state court, then the collateral estoppel law of the state must be applied to determine the judgment's preclusive effect." *See also In re Itzler*, 247 B.R. 546, 548 (Bankr. S.D. Fla. 2000). The statute requires all federal courts to

give preclusive effect to state court judgments whenever the courts of the state in which the judgments were rendered would do so. *Pelletier v. Zweifel*, 921 F. 2d 1465, 1501 (11th Cir. 1991) (citing *Allen v. McCurry*, 449 U.S. 90, 96, 101 (1980)).

Whether under Rooker-Feldman or principles of full faith and credit, claim preclusion, and/or collateral estoppel, the bankruptcy court must deny the Cernys' motion. *See Rohe v. Wells Fargo Bank, NA*, No. 21-10561, 2022 WL 17752372 (11th Cir. Dec. 19, 2022) (debtor's challenge to bank's claim was barred by claim preclusion based on state court foreclosure judgment); *In re Zoernack*, 289 B.R. 220 (Bankr. M.D. Fla. 2003).

## CONCLUSION

The Cernys' motion to reconsider lacks merit. Like the complaint here, it is premised on allegations that were previously disposed of by a state court. The Cernys fail to identify any mistake, inadvertence, surprise, or excusable neglect warranting reconsideration. Moreover, the Rooker-Feldman doctrine deprives this Court of subject matter jurisdiction to review state court judgments. And even if this Court had jurisdiction, Judge Kuglitsch is immune from the Cernys' claims because they are targeted at his judicial conduct.

Case 3-24-10322-cjf    Doc 144    Filed 06/26/25    Entered 06/26/25 14:45:12    Desc
Main Document    Page 16 of 16

This decision constitutes findings of fact and conclusions of law under Bankruptcy Rule 7052 and Rule 52 of the Federal Rules of Civil Procedure.

Dated: June 26, 2025.

BY THE COURT:

_____
Hon. Catherine J. Furay
U.S. Bankruptcy Judge

16