UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WISCONSIN

---

*In re*:

GARY O. CERNY and
BARBARA M. CERNY,

        Debtors.

Case Number: 24-10322-13

---

GARY O. CERNY and
BARBARA M. CERNY,

        Plaintiffs,

v.

OLD NATIONAL BANK,
JUDGE JEFFREY S. KUGLITSCH, and
ECKBERG LAMMERS, P.C.

        Defendants.

Adversary Number: 24-00061

---

### **DECISION AND ORDER**

Gary and Barbara Cerny filed a letter with the Court requesting that the Court reconsider a decision by the Court. The letter referred to the main case. But the body of the letter asks this Court to vacate its decision and reopen an adversary proceeding against Old National Bank, Judge Jeffrey S. Kuglitsch, and the law firm Eckberg Lammers, P.C.

The Court will consider this a motion for relief under Rule 60. In other words, as a motion for relief from a judgment. For the reasons below, the Court denies the motion.

## **BACKGROUND**

Gary and Barbara Cerny filed their third bankruptcy case in February 2024. It was filed as a Chapter 13. At the center of each bankruptcy case and the adversary proceeding is a mortgage debt and state court foreclosure action related to the Cernys' home.

The Debtors dispute that Old National Bank ("Old National") owns the note and mortgage. Based on this theory, they alleged multiple causes of action seeking to have the state court judgment of foreclosure vacated and to award them damages. Litigation related to foreclosure has continued over more than 10 years.

The original loan was made by AnchorBank, fsb ("Anchor"). Anchor merged with Old National in 2016. The Cernys signed an agreement with Old National in 2018 to reinstate the mortgage and stop a foreclosure. There was a default on that agreement, and a foreclosure action was again filed. The state court found Old National was the holder of and entitled to enforce the note and mortgage. And that Old National was the successor-by-merger to AnchorBank, fsb. Finally, there was a default under the note and mortgage, and Old National was entitled to a judgment of foreclosure.

No appeal of the state court decision was taken. The state redemption period expired. Then the Cernys filed this current bankruptcy. While represented in the main case by counsel, they filed a pro se adversary proceeding against Old National, its attorneys, and Judge Kuglitsch.

The adversary proceeding contained 14 causes of action. A declaratory judgment that the state court decision was null and void was requested. Additionally, this Court was asked to find the note and mortgage were not owned by Old National.

This Court issued a decision and entered an order dismissing the adversary proceeding. Dissatisfied and disagreeing with that decision, the Cernys filed a motion for reconsideration. The motion did not identify any newly discovered evidence, any mistake, inadvertence or surprise other than their disagreement with the facts that had been found in the state court, or excusable neglect. Neither was there evidence of fraud or that the state court judgment was void or otherwise satisfied.

In both the original decision to dismiss the adversary proceeding, and in the decision to deny reconsideration, the Court carefully laid out the federal rules and case law governing its decision. The same arguments about the owner and holder of the note and mortgage were litigated in the state court.

Motions to dismiss the adversary proceeding were filed. There were objections to the motions by the Cernys. Briefs were submitted by all the parties, including the Cernys.

On March 21, 2025, the Court issued its decision on the Motions to Dismiss and an Order dismissing the case (Dkt. Nos. 36 and 37)[1]. On April 30,

---

[1] Unless otherwise specified, all references to the Docket refer to the Docket in the adversary proceeding, Adv. Case No. 24-61.

3

2025, the Cernys filed a letter seeking reconsideration of that decision and order. That request was opposed by all defendants.

There followed a motion to amend the complaint seeking to add a defendant. The Court denied that motion (Dkt. No. 57).

On June 26, 2025, the Cernys filed a Notice of Appeal with a Statement of Issues on Appeal (Dkt. No. 58).

After reviewing the Motion to Reconsider and other filings by the Cernys, the Court issued a decision denying the request (Dkt. No. 61). That same day, Notice of Docketing of the Appeal was entered (Dkt. No. 62). The record was transmitted to the District Court (Dkt. No. 71).

On January 23, 2026, the District Court issued its Opinion and Order, and Judgment in a Civil Case (Dkt. No. 76). The District Court affirmed the decision of the Bankruptcy Court and dismissed the appeal. Judgment in favor of the defendant-appellees was entered in the appeal.

## DISCUSSION

Time and again this Court has explained to the Cernys the *Rooker-Feldman* doctrine. Under that doctrine, this Court is barred from acting in what is an attempt to appeal and reverse a state court judgment.

And the Full Faith and Credit Act, 28 U.S.C. § 1738, compels this Court to accord a state court judgment the same preclusive effect it would be given by the rendering state court.

The Cernys believe the state court was in error when it made the finding that Old National Bank was the owner and holder of the note and mortgage

4

and entitled to foreclose. No matter how often they repeat their belief they have not seen proof of those findings, this is not a court that can or should vacate the state court judgment. There is no basis under Rule 60 to reconsider and vacate the decision and prior order dismissing the adversary proceeding.

More to the point, this Court lacks jurisdiction to rule on the current motion to vacate its prior decision. This Court entered a final order dismissing the adversary proceeding. That order was appealed.

It is a fundamental principle of federal civil procedure that the filing of a notice of appeal from the final judgment of a trial court divests the trial court of jurisdiction and confers jurisdiction on the appellate court. *Levey v. Systems Div., Inc. (In re Teknek, LLC)*, 563 F.3d 639, 650 (7th Cir. 2009); *Transtexas Gas Corp.*, 303 F.3d 571, 578-79 (5th Cir. 2002) (citing *Griggs v. Provident Consumer Co.*, 459 U.S. 56, 58 (1982)). The purpose of the rule is to avoid the confusion of placing the same matter before two courts at the same time and to preserve the integrity of the appellate process. *Teknek*, 563 F.3d at 650.

This rule applies equally to bankruptcy courts and cases. *Transtexas*, 303 F.3d at 579. As a result, while an appeal is pending—with few exceptions not applicable in this case—the bankruptcy court cannot exercise control over "those aspects of the case involved in the appeal." *Griggs*, 459 U.S. at 58.

The issues that were addressed in this Court's decision and order were the same as those presented in the appeal. And they are identical to the issue asserted in the current motion by the Cernys. The adversary asked this Court to conclude the state court was wrong and to vacate the state court order.

5

The Court dismissed the complaint. The Cernys requested reconsideration of that decision, and it was denied. They then appealed the decision. The District Court dismissed the appeal and affirmed this Court's decision. At bottom, they ask this Court to enter an order that would modify, and be inconsistent with, the judgment of the District Court.

This Court lacks jurisdiction to vacate its prior judgment and decision. It is bound by the Order and Judgment of the District Court.

## CONCLUSION

The motion to vacate is denied. This decision constitutes findings of fact and conclusions of law under Bankruptcy Rule 7052 and Rule 52 of the Federal Rules of Civil Procedure. It is also the judgment and order of this Court that the motion is denied.

Dated: January 28, 2026

BY THE COURT:

_____
Hon. Catherine J. Furay
U.S. Bankruptcy Judge